UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COREY LAVELLE GREEN, CDCR #AS-1014,<br><br>          Plaintiff,<br><br>vs.<br><br>M. LIZARRAGA, Correctional Officer; J. GALINDO, Correctional Officer; E. MONTEJANO, Sergeant,<br><br>          Defendants. | Case No.: 3:22-cv-01175-DMS-MDD<br><br>**ORDER: (1) SCREENING COMPLAINT PURSUANT TO 28 U.S.C. § 1915A(a) AND (2) DIRECTING CLERK OF COURT TO ISSUE A SUMMONS PURSUANT TO Fed. R. Civ. P. 4(b)** |

  Plaintiff Corey Lavelle Green, currently incarcerated at High Desert State Prison, is proceeding *pro se* in this civil action filed pursuant to 42 U.S.C. § 1983. *See* Compl., ECF No. 1. Plaintiff claims two Centinela State Prison officials violated his Eighth Amendment rights by using excessive force against him during a December 22, 2022, cell extraction. *Id.* at 1-7, 10-11. Plaintiff seeks $1,250,000 in general and punitive damages, and demands a jury trial. *Id.* at 7.

  Plaintiff initially sought leave to proceed *in forma pauperis* ("IFP"), but his motion was denied because he failed to attach a certified copy of his prison trust account statements as required by 28 U.S.C. § 1915(a)(2). *See* ECF No. 3. The Court granted Plaintiff leave to either correct this deficiency by filing a renewed IFP motion, or by paying the $402

filing fee 28 U.S.C. § 1914(a) requires to commence a civil action. *Id.* at 3. On September 30, 2022, Plaintiff elected to pay the filing fee in full. *See* ECF No. 4-1, Receipt No. CAS140854.

**I.     Screening of Complaint pursuant to 28 U.S.C. § 1915A**

The Court now conducts its initial review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A(a), because he is a prisoner and seeks "redress from a governmental entity or officer or employee of a governmental entity." *See* 28 U.S.C. § 1915A(a). Section 1915A(a) "mandates early review—'before docketing [] or [] as soon as practicable after docketing'—for all complaints 'in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.'" *Chavez v. Robinson*, 817 F.3d 1162, 1168 (9th Cir. 2016). The mandatory screening provisions of § 1915A apply to all prisoners, no matter their fee status, who bring suit against a governmental entity, officer, or employee. *See, e.g. Resnick v. Hayes*, 213 F.3d 443, 446-47 (9th Cir. 2000).

"On review, the court shall … dismiss the complaint, or any portion of the complaint," if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Olivas v. Nevada ex rel. Dept. of Corr.*, 856 F.3d 1281, 1283 (9th Cir. 2017) (citing 28 U.S.C. § 1915A(b)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012).

Plaintiff alleges Defendants were members of an "illegal" extraction squad that "attempt[ed] to murder [him]" while he was washing in his cell on December 22, 2020. *See* Compl. at 2, 3. Plaintiff alleges Sergeant Montejano ordered the extraction with "ill intentions … to cause [him] harm," and in response Correctional Officer Lizarraga forcefully entered his cell, "slammed a shield to [his] face," and "started punching [his] face" after he fell on his bunk. *Id.* at 3. Plaintiff claims Officer Galindo also punched him and applied a choke hold so forcefully that he could not breathe and blood vessels in his eyes burst. *Id.*

"[W]henever prison officials stand accused of excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992). In analyzing a claim of excessive force, courts consider the following factors: the need for the application of force, the relationship between the need and the amount of force used, the extent of the injury suffered, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. *Id.* at 7. As currently pleaded and liberally construed, the Court finds the factual allegations in Plaintiff's Complaint involve plausible Eighth Amendment excessive force violations that are "sufficient to meet the low threshold for proceeding past the screening stage." *Wilhelm*, 680 F.3d at 1123; *Iqbal*, 556 U.S. at 678; 28 U.S.C. § 1915A(b)(1).

However, the Court's docket does not show Plaintiff requested the Clerk to issue a summons, "present[ed] a summons to the clerk for signature and seal" pursuant to Fed. R. Civ. P. 4(b), or has yet procured a waiver or execute service of his Complaint upon any of the named Defendants. While prisoners proceeding IFP are ordinarily entitled to have the U.S. Marshal or deputy marshal effect service of process of their behalf pursuant to Fed. R. Civ. P. 4(c)(3) and 28 U.S.C. § 1915(d), persons who prepay civil filing fees "remain[] responsible for timely service." *Boudette v. Barnette*, 923 F.2d 754, 757 (9th Cir. 1991); *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Before a ... court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.").

## II.     Conclusion and Order

Accordingly, the Court **DIRECTS** the Clerk of the Court to issue a summons upon the Defendants identified in Plaintiff's Complaint pursuant to Fed. R. Civ. P. 4(b) so that he may execute service upon them as required by Fed. R. Civ. P. 4(c). Plaintiff must effect personal service within 90 days of this Order, and file proof of that service pursuant to Fed. R. Civ. P. 4(l), *or* procure and file waivers of personal service pursuant to Fed. R. Civ. P.

4(d) within that time, or face dismissal of this action without prejudice pursuant to Fed. R. Civ. P. 4(m).[1]

**IT IS SO ORDERED**.

Dated:  October 6, 2022

_____
Hon. Dana M. Sabraw, Chief Judge
United States District Court

---

[1] Because Plaintiff is not proceeding IFP, he is "responsible for having the summons and complaint served" now that his pleading has survived the *sua sponte* screening required by 28 U.S.C. § 1915A(a).  *See* Fed. R. Civ. P. 4(c)(1).  The Court has tolled Rule 4(m)'s service clock while it conducted that screening.  *See Butler v. Nat'l Cmty. Renaissance of California*, 766 F.3d 1191, 1204 n.8 (9th Cir. 2014) (noting that "[o]ther federal circuit courts of appeals have held that the [90]–day service period is tolled until the court screens a plaintiff's in forma pauperis complaint[.]") (citing *Robinson v. Clipse*, 602 F.3d 605, 608 (4th Cir. 2010); *Urrutia v. Harrisburg Cnty. Police Dep't*, 91 F.3d 451, 459 (3d Cir. 1996)).  Plaintiff is cautioned, however, that "the *sua sponte* screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring."  *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).