# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COREY LAVELLE GREEN, CDCR #AS-1014,<br><br>  Plaintiff,<br><br>vs.<br><br>M. LIZARRAGA, Correctional Officer; J. GALINDO, Correctional Officer; E. MONTEJANO, Sergeant,<br><br>  Defendants. | Case No.: 3:22-cv-1175-DMS-MDD<br><br>**ORDER DIRECTING U.S. MARSHAL SERVICE PURSUANT TO Fed. R. Civ. P. 4(c)(3) AND GRANTING EXTENSION OF TIME PURSUANT TO Fed. R. Civ. P. 4(m)**<br><br>[ECF Nos. 9-11] |

## I.   BACKGROUND

Plaintiff Corey Lavell Green, currently incarcerated at High Desert State Prison ("HDSP") in Susanville, California is proceeding *pro se* in this case pursuant to 42 U.S.C. § 1983. *See* Compl., ECF No. 1. Plaintiff claims two Centinela State Prison ("CEN") correctional officers and a sergeant violated his Eighth Amendment rights by using excessive force and "attempt[ing] to murder [him]" during a December 22, 2020 cell extraction. *Id.* at 2–3. Plaintiff is not proceeding in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a)—he has instead prepaid the $402 civil and administrative filing fee required by 28 U.S.C. § 1914(a). *See* ECF No. 4-1, Receipt No. CAS140854.

/ / /

On October 13, 2021, the Court screened Plaintiff's Complaint sua sponte as required by 28 U.S.C. § 1915A, and found he alleges claims sufficient to clear the "low threshold" required to plead a plausible claim for relief under the Eighth Amendment. *See* ECF No. 5 at 2–3 (quoting *Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012)). The Court also noted that Plaintiff would remain responsible for timely service his own Complaint and summons as required by Fed. R. Civ. P. 4. *Id.* at 3. Accordingly, the Court directed the Clerk to issue a summons upon Defendants Lizarraga, Galindo, and Montejano pursuant to Fed. R. Civ. P. 4(b), and ordered Plaintiff to serve them within 90 days. *See id.* at 3–4. Plaintiff was warned that if he failed to file proof of service within that time, his case would be dismissed without prejudice for failing to timely prosecute pursuant to Federal Rule of Civil Procedure 4(m). *Id.* at 4.

On December 5, 2022, Plaintiff returned the summons issued upon all three Defendants unexecuted. *See* ECF Nos. 9–11. Included with each summons is a letter dated November 16, 2022, and signed by R.A. Bumgart, a Litigation Assistant at CEN. *See* ECF No. 9-1 at 1; ECF No. 10-1 at 1; ECF No. 11-1 at 1. The letter informs Plaintiff that the summons issued by the Clerk and mailed by Plaintiff to the Litigations Office at CEN was "rejected for failure to comply with Federal Rule of Civil Procedure 4." *Id.*

Plaintiff now asks for an extension of time to complete service upon Defendants at CEN because he remains incarcerated at HDSP and cannot personally serve them on his own. *See* ECF No. 9-2. In light of Plaintiff's pro se status, in the interests of justice, and to aid in the timely prosecution of this case, the Court will also construe Plaintiff's letter as a request for U.S. Marshal service pursuant to Fed. R. Civ. P. 4(c)(3). *See Bernhardt v. Los Angeles County,* 339 F.3d 920, 925 (9th Cir. 2003) ("Courts have a duty to construe pro se pleadings liberally, including pro se motions as well as complaints.").

**II.    REQUEST FOR U.S. MARSHAL SERVICE**

Rule 4 of the Federal Rules of Civil Procedure provides:

> [i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the

> action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). "In the absence of service of process (or waiver of service by the defendant) . . . a court ordinarily may not exercise power over a party the complaint names as a defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999); *Crowley v. Bannister*, 734 F.3d 967, 974–75 (9th Cir. 2013) ("A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4.") (citations omitted).

A party proceeding IFP is entitled to have the summons and complaint served by the U.S. Marshal, but Plaintiff is not proceeding IFP in this case. *See* ECF Nos. 4-1; 5; *Puett v. Blandford*, 912 F.2d 270, 273 (9th Cir. 1990); 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."). However, Federal Rule of Civil Procedure 4 permits a plaintiff to request that service "be made by a United States marshal or deputy marshal or by a person specially appointed by the court." Fed. R. Civ. P. 4(c)(3). "In exercising this discretion, courts have been mindful that Congress amended Rule 4 'primarily to relieve United States marshals of the burden of serving summonses and complaints in private civil actions.'" *Bax v. Executive Office for U.S. Attorneys*, 216 F.R.D. 4, 4 (D.D.C. 2003) (quoting *Lovelace v. Acme Mkts., Inc.*, 820 F.2d 81, 83 (3d Cir. 1987)); *Boudette v. Barnette*, 923 F.2d 754, 757 (9th Cir. 1991) (noting that the legislative history of Rule 4 shows congressional intent "to relieve the marshal of the duty of routine[] servi[ce]" in private civil actions); *see also Oliver v. City of Oceanside*, No. 16-CV-00565-BAS (JLB), 2016 WL 8730533, at *1 (S.D. Cal. July 1, 2016). "Accordingly, courts have held that a plaintiff requesting service by the United States Marshal first must attempt service by some other means authorized by Rule 4." *Bax*, 216 F.R.D. at 4; *Jones v. Goodman*, No. Civ. A. 91-7560, 1992 WL 185634, at *1 (E.D. Pa. July 21, 1992) ("[B]efore this court invokes the resources of the government to effect service of process in this matter, plaintiff must first exert some effort to complete service.").

Thus, a Rule 4(c)(3) application "should set forth whatever steps to serve process already have been taken," and "provide a factual basis for why a court order is necessary to accomplish service." Wright & Miller, 4A FED. PRAC. & PROC. CIV. § 1090 (4th ed.); *see also Hollywood v. Carrows California Family Restaurants*, No. CV 18-2098-JGB (GJS), 2018 WL 7461690, at *1 (C.D. Cal. Apr. 26, 2018) (quoting *Prosperous v. Todd*, No. 8:17-cv-996-T, 2017 WL 2291367, at *1 (M.D. Fla. May 25, 2017)).

Here, Plaintiff has attempted to effect service upon Defendants on his own by first mailing the Court's October 6, 2022 Order, together with the summons issued by the Clerk to the Litigation Coordinator at CEN, where he believes each Defendant may be found and subject to service. *See* ECF No. 9-2 at 1. Rule 4 provides that "the Plaintiff may notify [] a defendant that an action has been commenced and request that the defendant waive service of a summons." Fed. R. Civ. P. 4(d)(1). Plaintiff claims he needs the assistance of the Litigation Officer at CEN in order to forward and procure Rule 4(d) waivers in this case since he is unable to personally serve each Defendant himself. *Id.* He further attaches correspondence from CEN's Litigation Assistant rejecting his initial efforts to serve all three Defendants. *See* ECF No. at 9-1; 10-1; 11-1. Service by a United States Marshal may be appropriate "in circumstances a plaintiff is incarcerated or where a law enforcement presence appears necessary to keep the peace." *Oliver*, 2016 WL 8730533, at *1 (citing William W. Schwarzer et al., Cal. Practice Guide: FED. CIV. PRO. BEFORE TRIAL ¶ 5:83 (The Rutter Group 2014)).

### III.  CONCLUSION

Accordingly, the Court finds good cause to extend the time permitted for service under Fed. R. Civ. P. 4(m) in this case, and **DIRECTS** the United States Marshal to effect service of process on Plaintiff's behalf in this case pursuant to Fed. R. Civ. P. 4(c)(3).

The Court further:

1)  **DIRECTS** the Clerk to re-issue a summons as to Plaintiff's Complaint (ECF No. 1) upon Defendants M. LIZARRAGA, J. GALINDO, and E. MONTEJANO and forward it to Plaintiff along with blank U.S. Marshal Form 285s for each of these

Defendants. In addition, the Clerk will provide Plaintiff with a copy of this Order, certified copies of his Complaint, and the summons so that he may again attempt to serve these Defendants. Upon receipt of this "IFP Package," Plaintiff must complete the Form 285s as completely and accurately as possible, *include an address where each Defendant may be served*, *see* S.D. Cal. CivLR 4.1.c, and return them to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package, **no later than January 20, 2023**.

2) **ORDERS** the U.S. Marshal to serve a copy of the Complaint and summons upon Defendants M. LIZARRAGA, J. GALINDO, and E. MONTEJANO as directed by Plaintiff on the USM Form 285s provided to him, request waivers of personal service on Plaintiff's behalf, and file the executed waivers of personal service on behalf of each Defendant with the Clerk of Court **no case later than March 10, 2023**. Should any Defendant fail to return the U.S. Marshal's request for waiver of personal service within that time, the U.S. Marshal must instead file the completed Form USM 285 Process Receipt and Return with the Clerk of Court, include the date the summons, Complaint, and request for waiver was mailed to the Defendant, and note that service upon that party remains unexecuted. *All costs of U.S. Marshal service will be advanced by the United States; however, if a Defendant located within the United States fails, without good cause, to sign and return the waiver requested by the Marshal on Plaintiff's behalf, the Court will impose upon that Defendant the expenses later incurred in making personal service.* See 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3), (d)(2).

3) **ORDERS** Defendants M. LIZARRAGA, J. GALINDO, and E. MONTEJANO, once served, to reply to Plaintiff's Complaint, *and any subsequent pleading Plaintiff may file in this matter in which they are named as parties*, within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a) and 15(a)(3). *See* 42 U.S.C. § 1997e(g)(2) (once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable

1  opportunity to prevail on the merits," Defendants are required to respond).

2      4) **ORDERS** Plaintiff, after initial service has been effected by the U.S. Marshal, to serve Defendants M. LIZARRAGA, J. GALINDO, and E. MONTEJANO, or if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration by U.S. Mail pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been served on Defendants or their counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2.

**IT IS SO ORDERED**.

Dated: December 20, 2022

Hon. Dana M. Sabraw, Chief Judge
United States District Court