UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COREY LAVELLE GREEN,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>M. LIZARRAGA, et al.,<br><br>　　　　　　　　　Defendants. | Case No.: 22-cv-1175-DMS-MMP<br><br>**(1) REPORT AND RECOMMENDATION RECOMMENDING THE COURT GRANT IN PART DEFENDANTS' MOTION TO STAY PENDING RESOLUTION OF RELATED CRIMINAL CASE AND (2) ORDER GRANTING REQUEST FOR JUDICIAL NOTICE** |

　　　This Report and Recommendation is submitted to United States Chief District Judge Dana M. Sabraw pursuant to 28 U.S.C. § 636(b)(1) and Civil Local Rule 72.1(c) of the United States District Court for the Southern District of California. Pending before the Court is the Motion to Stay Pending Resolution of Related Criminal Case ("Motion") together with a request for judicial notice filed by Defendants M. Lizarraga, J. Galindo, and E. Montejano (collectively as "Defendants"). [ECF No. 32.] For the reasons set forth herein, the Court **RECOMMENDS** the Motion to Stay be **GRANTED IN PART** and **GRANTS** the Request for Judicial Notice.

1

## I. BACKGROUND

Plaintiff is a state prisoner proceeding *pro se*. This action arises from a cell extraction ordered by Defendant E. Montejano on December 22, 2020. [ECF No. 1 at 3.] Plaintiff alleges that Defendants used excessive force during the incident in violation of the Eighth Amendment by slamming a shield into his face, punching his face, putting him in a chokehold, and causing loss of breath and damage to the blood vessels in his eyes. [*Id.*]

Plaintiff filed the present civil case on August 10, 2022. [ECF No. 1.] A case search on the Superior Court of California for the County of Imperial website reveals that an initial criminal complaint was filed in Imperial County against Plaintiff on August 30, 2022, and an Information was filed on April 18, 2023. *See People v. Green*, Superior Court of California, County of Imperial Case No. JCF006108. Plaintiff is charged with "(1) battering Officer M. Lizarraga; (2) custodial possession of a weapon; and (3) three counts of resisting an executive officer," which arises out of the same incident alleged in the civil complaint. [ECF No. 32–1 at 2; *see* ECF No. 32–2, Exh A.] On August 23, 2023, Defendants filed the present Motion. [ECF No. 32.] Plaintiff filed an opposition to which Defendants replied. [ECF Nos. 35, 36.]

While this Motion was pending, the Superior Court for the County of Imperial held a pre-trial conference, setting a jury trial for January 16, 2024. *See People v. Green*, Case No. JCF006108.

## II. REQUEST FOR JUDICIAL NOTICE

Defendants request that the Court take judicial notice of the related state criminal case against Plaintiff. [ECF No. 32–2.] Federal Rule of Evidence 201(d) permits the Court to take judicial notice at any time. A judicially noticed fact must be one not subject to reasonable dispute in that it either: "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Courts may take judicial notice of records and filings of other court proceedings. *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002). Courts may also take judicial notice of undisputed matters of public

record, including papers filed with the state courts. *See Disabled Rts. Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004); *Lundquist v. Cont'l Cas. Co.*, 394 F. Supp. 2d 1230, 1243 (C.D. Cal. 2005).

Defendants request that the Court take judicial notice of the criminal Information filed in *People of the State of California v. Corey Green*, County of Imperial Case No. JCF006108, reflecting that Plaintiff has been charged with: "(1) battering Officer M. Lizarraga; (2) custodial possession of a weapon; and (3) three counts of resisting an executive officer." [ECF No. 32–2 at 2.] Plaintiff does not oppose or otherwise respond to the request for judicial notice. While the Court is making no findings as to the factual allegations described in the criminal Information, the Court will take judicial notice of the charges brought against Plaintiff, an undisputed filing of another court. Accordingly, Defendants' request is **GRANTED**.

### III.   MOTION TO STAY

####    A.   The Parties' Arguments

Defendants argue that the Court should use its discretionary power to stay the current proceedings pending the resolution of *People v. Green* because (1) Plaintiff's civil case may be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), (2) collateral estoppel may preclude Plaintiff from relitigating certain factual issues that would be necessarily determined in the criminal case, and (3) a stay would avoid any Fifth Amendment issues that may arise during discovery. [ECF No. 32–1 at 2–3.]

Plaintiff contends that a stay is not warranted because (1) the state criminal proceeding will provide inadequate discovery and remedy for his civil claims, (2) *Heck* does not apply because there is no conviction, (3) estoppel does not apply because the federal claim does not overlap with state criminal proceedings, and (4) proceeding with the federal case will not hinder Defendants' ability to conduct discovery because Plaintiff does not plan to invoke the Fifth Amendment during discovery. [ECF No. 35.]

//
//

## B. Legal Standard

While a district court "has broad discretion to stay proceedings as an incident to its power to control its own docket," *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)), staying civil proceedings pending the outcome of parallel criminal proceedings is not required by the Constitution, *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995) ("The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings."); *see also CFPB v. Glob. Fin. Support, Inc.*, No. 15-cv-02440, 2019 WL 1937571, at *2 (S.D. Cal. May 1, 2019) ("Stays of parallel proceedings are an exception, not the rule . . ."). When civil proceedings are "related to rulings that will likely be made in a pending or anticipated criminal trial," it is "common practice" for the court "to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Wallace v. Kato*, 549 U.S. 384, 393–94 (2007).

The "party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433–34 (2009). "In the absence of substantial prejudice to the rights of the parties involved, [simultaneous] parallel [civil and criminal] proceedings are unobjectionable under our jurisprudence." *Keating*, 45 F.3d at 324 (brackets in original) (quoting *SEC v. Dresser Indus.*, 628 F.2d 1368, 1374 (D.C. Cir. 1980)). "[I]n light of the particular circumstances and competing interests involved in the case", district courts may stay civil proceedings "when the interests of justice seem [ ] to require such action." *Id.* (quoting *Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989) and *Dresser*, 628 F.2d at 1375). District courts principally evaluate whether the criminal defendant's Fifth Amendment rights would be burdened in addition to the following *Keating* factors:[1]

---

[1] In *Thissel v. Murphy*, the District Court for the Northern District of California accurately notes that the *Keating* factors provide "an awkward fit" where the criminal defendant is not also the civil defendant, as was the case in *Keating*, but its factors still provide a helpful

> (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

*Id.* at 325. However, "the suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which [the party] prays will work damage to some one else." *Landis*, 299 U.S. at 255; *see also CMAX, Inc. v. Hall*, 300 F.2d 265, 268–69 (9th Cir. 1962).

Furthermore, "stays should not be indefinite in nature." *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007); *Leyva v. Certified Grocers of California*, 593 F.2d 857, 864 (9th Cir. 1979) ("A stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court."). "If a stay is especially long or its term is indefinite, a greater showing is required to justify it." *Hunt v. Diaz*, No. 19-cv-00504, 2020 WL 8465095, at *2 (E.D. Cal. Oct. 30, 2020) (citing *Yong v. INS*, 208 F.3d 1116, 1119 (9th Cir. 2000)). The court "balance[s] the length of the stay against the strength of the justification given for it." *Yong*, 208 F.3d at 1119.

**C.    Analysis**

1.    Plaintiff's Fifth Amendment Rights

Because "the Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify," *Baxter v. Palmigiano*, 425 U.S. 308, 318–20 (1976), simultaneous civil and criminal proceedings may place a burden on a criminal defendant's Fifth Amendment right against self-incrimination. *See Keating*, 45 F.3d at 325–26. Because Plaintiff brings the present case and has stated that he does not intend to

---

guide for district courts in exercising their discretion to stay. No. 15-cv-05937, 2017 WL 6945402, at *2 (N.D. Cal. Apr. 4, 2017).

invoke his Fifth Amendment rights, Fifth Amendment concerns do not favor a stay. *See Tene v. City and Cnty. of San Francisco*, No. C 00-03868, 2004 WL 1465726, at *8 (N.D. Cal. May 12, 2004) ("By filing suit . . . [t]his is not a situation where plaintiff has been haled into this Court involuntarily as a defendant and presented with the dilemma of having to choose between asserting or waiving his Fifth Amendment rights."); *Madrid v. De La Cruz*, No. 18-cv-00947, 2019 WL 2994301, at *3 (E.D. Cal. July 9, 2019) (finding Fifth Amendment concerns were not a reason to stay the case where "Plaintiff has voiced that he has no concerns that his Fifth Amendment rights will be implicated by the civil case moving forward.").

    2. <u>Plaintiff's Interests</u>

A civil plaintiff's interest in quickly resolving a case weighs against granting a stay. *See Glob. Fin. Support, Inc.*, 2019 WL 1937571, at *3; *see also SEC v. Boucher*, No. 20-CV-1650, 2021 WL 5178519, at *3 (S.D. Cal. Nov. 8, 2021) ("As Plaintiff has already been litigating this case for over a year, to pause for another year or more to seek redress for the alleged violations impairs Plaintiff's interest and thus weighs against granting a stay."). The Court is also cognizant of the fact that "[t]he discovery process often takes longer for prisoners because of the difficulty prisoners face in conducting litigation due to restrictions on movement and the realities of incarceration . . ." *See Geray v. Morrison*, No. 20-cv-02580, 2020 WL 9066041, at *3 (N.D. Cal. Sept. 24, 2020).

However, the prejudice is minimized in this case because the State's charges against Plaintiff arise out of the same facts as the present case. *See Johnson v. Castillo*, No. 22-cv-00637, 2023 WL 1785481, at *3 (E.D. Cal. Jan. 18, 2023) (finding that prejudice to Plaintiff is minimized when "both proceedings involve [ ] similar facts and witnesses, and it is unlikely that evidence will be lost or memories will fade with passage of time"). Furthermore, because this case is set for a Final Pretrial Conference on August 23, 2024, [*see* ECF No. 28, ¶ 16], which is over six months after the January 16, 2024 criminal trial, *see People v. Green*, Case No. JCF006108, the burden and risk that Plaintiff faces in waiting is further reduced. Moreover, Plaintiff is correct that the criminal case may not

provide adequate discovery and redress, but both are available after the conclusion of the criminal case. Considering the circumstances altogether, this factor is neutral.

### 3. Defendants' Burden

"Any protracted halting or limitation of plaintiffs' right to maintain their case would require not only a showing of 'need' in terms of protecting the other litigation involved but would also require a balanced finding that such need overrides the injury to the parties being stayed." *Dellinger v. Mitchell*, 442 F.2d 782, 787 (D.C. Cir. 1971). To meet this burden, Defendants argue[2] that the Court should grant a stay because (1) "[i]t would be difficult, if not impossible, to determine whether and to what extent [Plaintiff's] excessive force claim is barred by *Heck* until the criminal proceeding concludes"; (2) collateral estoppel will prevent Plaintiff from relitigating key issues; and (3) the possibility that Plaintiff will assert the Fifth Amendment "during discovery due to his ongoing criminal case… will impede and prejudice Defendants' ability to obtain critical evidence to defend against Plaintiff's claims." [ECF No. 32–1 at 3–6.]  The Court addresses each argument in turn.

#### a. *Heck* Bars

*Heck v. Humphrey* prevents individuals convicted of a crime from bringing civil suits for damages that necessarily imply the invalidity of a conviction unless the conviction is overturned. 512 U.S. at 486. When a related criminal case returns a conviction, a plaintiff's civil case arising out of the same incident may be barred. *Wallace*, 549 U.S. at 393. However, courts are not required to dismiss federal claims that would "impugn an anticipated future conviction" but have the discretion to do so. *Id.* (emphasis omitted). Defendants rest their argument for a stay primarily on their contention that Plaintiff's civil claim would be barred by *Heck* if the criminal proceeding returned a conviction. In support

---

[2] Defendants do not specify which *Keating* factor(s) these arguments fall under, but the Court considers these arguments under the burdens to Defendants' and judicial efficiency.

of this view, Defendants cite *Nuno v. Reyes*, which addresses *Heck* issues in the context of excessive force claims:

> Because the question of whether a Section 1983 action is barred by *Heck* is more difficult to answer where the plaintiff is facing charges of resisting arrest or similar conduct arising from the same incident he is claiming excessive force, or if the plaintiff is alleging false arrest or a similar claim, a stay *may* be appropriate until such time as the underlying criminal proceedings are concluded, . . .

No. 18-cv-0263, 2018 WL 1795982, at *5 (E.D. Cal. Apr. 16, 2018) (emphasis added); *see also Hatcher v. Junes*, No. 19-cv-0793, 2021 WL 4305945, at *4 (E.D. Cal. Sept. 22, 2021) ("Excessive force claims are not inherently inconsistent with convictions for resisting arrest or battery against an officer, because a single altercation may involve acts of the accused that support a criminal conviction *and* distinct acts of the officer that support civil liability.") (emphasis in original); *Smith v. City of Hemet*, 394 F. 689, 698–99 (9th Cir. 2005) (en banc). In *Nuno*, the district court did not grant a stay based on the excessive force claim alone—it did so in conjunction with the false arrest claim, which would undoubtedly "invalidate the ongoing criminal proceedings." *Nuno*, 2018 WL 1795982 at *6; *see also Bernier v. Walker*, No. 18-cv-01131, 2019 WL 1209626, at *4–5 (E.D. Cal. Mar. 14, 2019) (adopting the reasoning in *Nuno*, 2018 WL 1795982). The *Nuno* Court ultimately determined that the case should be stayed, but many cases have denied stays because excessive force claims are not clearly barred by *Heck*. *See, e.g.*, *Geray*, 2020 WL 9066041, at *2 (denying a stay because "[a] judgment in favor of plaintiff on this claim would not necessarily imply the invalidity of a conviction for felony assault because the alleged excessive force took place after the felony assault." (citing *Smith*, 394 F.3d at 696)); *Hatcher*, 2021 WL 4305945, at *4; *Marquez v. Corrales*, No. CV 22-7246, 2023 WL 3431278, at *2–3 (C.D. Cal. Feb. 1, 2023) (denying a stay because "the court cannot conclude that if plaintiffs were to prevail in this action, it would <u>necessarily</u> invalidate a potential criminal conviction") (emphasis in original). Plaintiff's excessive force allegation similarly involves conduct both during and after the alleged resistance against Defendants.

Even if the state criminal case produces a conviction against Plaintiff, the claims of excessive force for conduct that occurred after the alleged resistance may not be barred.

### b.  Collateral Estoppel

Defendants argue a stay is proper because "there is a strong likelihood that issues relevant to this action will be necessarily determined in Plaintiff's criminal case," including "whether Plaintiff battered Officer Lizarraga, resisted officers, and whether Defendants used reasonable force." [ECF No. 32–1 at 5.] Plaintiff counters that the federal claim does not overlap with the state criminal proceedings and so would not be subject to collateral estoppel. [ECF No. 35 at 7.] Although the Court disagrees with Plaintiff since both cases arise out of the same incident, collateral estoppel still does not support a stay. "[P]arallel civil and criminal proceedings may lead to tricky preclusion issues depending on which case reaches resolution first, and how it is resolved. But if that were enough to support a stay, stays would be the rule rather than the exception." *Hatcher*, 2021 WL 4305945, at *5. Defendants do not cite to any case that supports the contrary.

### c.  Discovery Burdens

Defendants also express concerns that Plaintiff may invoke his Fifth Amendment rights during discovery. Although recognizing that "Plaintiff states in his opposition that he will answer every question and not assert his Fifth Amendment privilege in discovery," they say that "Plaintiff's opposition is not filed under penalty of perjury" and "Plaintiff cannot guarantee with certainty that he will not invoke his Fifth Amendment privilege during discovery." [ECF No. 36 at 4.] The Court is hesitant to assume, as Defendants suggest, that Plaintiff is not accurately representing his position in court filings. Even so, Defendants have not explained how discovery would be burdened. Furthermore, even if Plaintiff were to invoke his Fifth Amendment rights, a jury can be instructed to draw an adverse inference of guilt. *See Baxter*, 425 U.S. at 318.

//
//
//

The Court recognizes that discovery was originally ordered completed by November 20, 2023, [3] prior to the start of the criminal trial, [ECF No. 28 at 2], and ambiguity in how much of the case would be barred by *Heck* creates uncertainty weighing in favor of a stay. This burden is lessened as the criminal case is likely to be resolved before any dispositive motions are due on April 22, 2024. *See Mann v. Garcia*, No. 21-cv-00764, 2022 WL 412013, at *5 (E.D. Cal. Feb. 10, 2022) (finding the burdens on the defendants do not warrant a stay where the criminal proceedings will likely be resolved before the civil proceeding); [ECF No. 28 at 3.] Nevertheless, this factor weighs in favor of at least a brief stay since the criminal case is currently scheduled to be resolved within the next three months.

### 4.  Judicial Efficiency

Generally, a district court has "an interest in clearing its docket." *Molinaro*, 889 F.2d at 903; *see also Freemont v. City of San Diego*, No. 09-CV-1743, 2011 WL 13161228, at *4 (S.D. Cal. Nov. 18, 2011) ("This Court has an interest in efficiently managing its civil docket, and judicial resources will not be squandered by moving the case forward without further delay."). The present case has been pending for over a year, which provides a strong argument against a stay. *See Molinaro*, 889 F.2d at 903 (upholding the district court's stay, in part, because "the action had been pending for a year, and the court had an interest in clearing its docket").

However, judicial efficiency favors a stay when the criminal case involves many of the same facts. *See Martin v. Gutierrez*, No. 22-cv-00600, 2023 WL 3324789, at *3 (E.D. Cal. Apr. 10, 2023). Specifically, the "resolution of the parallel proceedings will likely serve to narrow the issues and streamline the discovery process in the civil action." *Grubbs v. Irey*, No. Civ. S-06-1714, 2008 WL 906246, at *3 (E.D. Cal. Mar. 31, 2008); *see also Coria v. Garcia*, No. 20-cv-01652, 2022 WL 18356245, at *4 (E.D. Cal. Dec. 19, 2022).

---

[3] At the request of Defendants, the Court has continued the fact discovery deadline to January 19, 2024. [ECF No. 38.]

Here, the facts in both the civil and criminal cases appear to arise from the same incident, and determining whether any aspect of the claim will be barred by *Heck* will likely serve judicial economy. Accordingly, this factor weighs in favor of a stay.

### 5. Third Party Interests

Because neither party has identified third party interests at issue, this factor is neutral. *ESG Capital Partners LP v. Stratos*, 22 F. Supp. 3d 1042, 1047 (C.D. Cal. 2014) ("This *Keating* factor is neutral" because neither party has "identified any third-party interests that bear upon resolution of this Motion.").

### 6. Public Interest

"The public has an interest in ensuring that the criminal process is not subverted by ongoing civil cases." *Douglas v. United States*, No. C 03-04518, 2006 WL 2038375, at *6 (N.D. Cal. July 17, 2006) (quotations omitted). But just as importantly, the public interest "favors speedy disposition of cases on their merits, particularly civil rights cases." *Herd v. Cnty. of San Bernardino*, No. ED CV 17-02545, 2018 WL 5816175, at *4 (C.D. Cal. Sept. 17, 2018). Because both important interests are at play, this factor weighs neither in favor of nor against a stay.

## IV. CONCLUSION

Having put forth important considerations in favor of a stay given the pending criminal trial scheduled for January 2024, including preserving defenses and judicial efficiency if the criminal case returns a conviction, the Court **RECOMMENDS** granting Defendants' motion to stay. However, Defendants have not provided a timeline for the criminal prosecution or whether their stay request would include appeals that may take years to conclude. Nor have they asked for a fixed duration stay or have they provided an estimate for which a stay would be needed. As such, the Court further **RECOMMENDS** that this stay not be indefinite.

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the District Judge issue an Order: (1) approving and adopting this Report and Recommendation,

(2) **GRANTING** Defendants' Motion for ninety (90) days, and (3) **SETTING** a status conference for **January 26, 2024**.

Within fourteen (14) days from the date of service of these filings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen (14) days after the objections are filed. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

**IT IS SO ORDERED.**

Dated: November 28, 2023

_____
HON. MICHELLE M. PETTIT
United States Magistrate Judge