UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COREY LAVELLE GREEN,<br><br>                                  Plaintiff,<br><br>v.<br><br>M. LIZARRAGA; J. GALINDO; and E. MONTEJANO,<br><br>                                  Defendants. | Case No.:  22-cv-1175-DMS-MMP<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING IN PART DEFENDANTS' MOTION TO STAY PROCEEDINGS** |

Pending before the Court is Defendants' motion to stay proceedings of this Section 1983 civil rights action pending resolution of a related criminal case. (Defs.' Mot. to Stay, ECF No. 32.) Plaintiff filed an opposition (ECF No. 35) to which Defendants replied (ECF No. 36). United States Magistrate Judge Michelle M. Pettit submitted a Report and Recommendation to the undersigned district judge recommending that the Court grant in part Defendants' motion to stay proceedings. (R. & R., ECF No. 39.) No party filed an objection. Accordingly, for the reasons set forth below, the Court grants in part Defendants' motion and enters a temporary stay of proceedings in this action.

## I.     BACKGROUND

Plaintiff, Corey Lavelle Green ("Plaintiff" or "Green"), a state prisoner proceeding pro se, alleges that Defendants M. Lizarraga, J. Galindo, and E. Montejano ("Defendants"),

three correctional officers at Centinela State Prison in Imperial County, California, used excessive force in violation of the Eighth Amendment during a cell extraction that took place on December 22, 2020.  (Compl. at 3, ECF No. 1.)  Defendants allegedly slammed a shield into Green's face, punched Green's face, put Green in a chokehold, and caused loss of breath and damage to the blood vessels in Green's eyes.  (*Id.*)  Plaintiff filed the present civil case on August 10, 2022.  (*See id.*)  On April 18, 2023, the California Attorney General's office filed criminal charges against Green in Imperial County Superior Court relating to the same conduct at issue in this civil case.  The complaint charged Green with "(1) battering Officer M. Lizarraga; (2) custodial possession of a weapon; and (3) three counts of resisting an executive officer." (Information, Ex. A, ECF No. 32-2.)  *See People v. Green*, No. JCF006108, (Cal. Super. Ct. Imperial Cnty. Apr. 18, 2023) (information).

On August 23, 2023, Defendants filed the present motion to stay proceedings in this civil action pending resolution of the state criminal case.  (ECF No. 32.)  Defendants argue that a stay is warranted because (1) Green's claims may be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), if he is convicted, (2) collateral estoppel may preclude Green from relitigating certain factual issues that would be necessarily determined in the criminal case, and (3) a stay would avoid any Fifth Amendment issues that may arise during discovery.  On September 20, 2023, Plaintiff filed an opposition.  (ECF No. 35.)  On October 11, 2023, Defendants filed a reply.  (ECF No. 36.)  On November 28, 2023, United States Magistrate Judge Michelle M. Pettit submitted a Report and Recommendation to the undersigned district judge recommending that the Court grant in part Defendants' motion to stay proceedings.  (R & R, ECF No. 39.)[1]  Judge Pettit set December 12, 2023, as the deadline for any party to file an objection to the Report and Recommendation.  (*See* R. & R. at 12, allowing either party to file a written objection "[w]ithin fourteen (14) days from the date of service" of the Report and Recommendation.)  No party has filed an objection.

---

[1] *Green v. Lizarraga*, No. 22-CV-1175-DMS-MMP, 2023 WL 8255118 (S.D. Cal. Nov. 28, 2023).

While this motion was pending, the Imperial County Superior Court scheduled the jury trial in Green's criminal case to begin on January 17, 2024. *See People v. Green*, No. JCF006108, (Cal. Super. Ct. Imperial Cnty. Dec. 19, 2023) (docket entry).

## II.  DISCUSSION

### A. Whether Motion to Stay Proceedings is "Dispositive"

"The power of federal magistrate judges is limited by 28 U.S.C. § 636." *Estate of Conners ex rel. Meredith v. O'Connor*, 6 F.3d 656, 658 (9th Cir. 1993) (citing *Reynaga v. Cammisa*, 971 F.2d 414, 416 (9th Cir. 1992). "[A] magistrate judge may not issue binding rulings on case-dispositive matters without the parties' consent." *CPC Patent Techs. Pty Ltd. v. Apple, Inc.*, 34 F.4th 801, 807 (9th Cir. 2022). "Dispositive matters are those listed in section 636(b)(1)(A), as well as 'analogous' matters." *Mitchell v. Valenzuela*, 791 F.3d 1166 (9th Cir. 2015) (citing *Flam v. Flam*, 788 F.3d 1043, 1046 (9th Cir. 2015)).[2] "To determine whether a motion is dispositive," the Ninth Circuit has "adopted a functional approach that 'look[s] to the effect of the motion, in order to determine whether it is properly characterized as dispositive or non-dispositive of a claim or defense of a party.'" *Flam*, 788 F.3d at 1046 (quoting *United States v. Rivera-Guerrero*, 377 F.3d 1064, 1068 (9th Cir. 2004)) (alteration in original). A motion is dispositive if a ruling on the motion could "dispose of any claims or defenses," "effectively deny . . . any ultimate relief sought," *S.E.C. v. CMKM Diamonds, Inc.*, 729 F.3d 1248, 1260 (9th Cir. 2013), or could "put the parties 'effectively out of federal court,'" *Mitchell*, 791 F.3d at 1173 (quoting *Flam*, 788 F.3d at 1047).

---

[2] In relevant part, 28 U.S.C. § 636(b)(1)(A) provides:
> [A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action.

Applying this precedent, the Court concludes that Defendants' motion to stay proceedings here is "dispositive" and the magistrate judge properly submitted a report and recommendation on the motion. Whether a motion to stay proceedings is "dispositive" is a context-specific question. *Compare CMKM Diamonds*, 729 F.3d at 1260 (defendant's motion to stay proceedings in a civil action was non-dispositive where defendant argued he "might have stronger evidence to support his position in the civil proceedings if he was able to go through the criminal proceedings first" because denial of the stay neither "dispose[d] of any claims or defenses" nor "effectively den[ied] him any ultimate relief sought") *with Reynaga*, 971 F.2d at 417 (defendant's motion to stay proceedings was dispositive where magistrate concluded that the remedy pro se prisoner sought through 42 U.S.C. § 1983 was available only through habeas corpus and granted a stay to allow pro se prisoner to exhaust his state remedies, because such a stay "was in essence an involuntary dismissal" of the section 1983 action). Here, Defendants seek a stay of this civil action pending the resolution of *People v. Green* because they argue (1) Green's claims may be barred by *Heck v. Humphrey* if he is convicted,[3] (2) collateral estoppel may preclude Green from relitigating certain factual issues that would be necessarily determined in the criminal case, and (3) a stay would avoid any Fifth Amendment issues that may arise during discovery. For the reasons explained in the Report and Recommendation, this Court agrees that there is some possibility that some or all of Green's claims may be barred by *Heck* or collateral estoppel if this civil action is stayed pending resolution of Green's criminal case and Green is convicted. Thus, a decision to grant Defendants' motion to stay could have the effect of "dispos[ing] of" some of Green's claims, *CMKM Diamonds*, 729 F.3d at 1260, or could "put the parties 'effectively out of federal court,'" *Mitchell*, 791 F.3d at 1173

---

[3] In *Heck*, the Supreme Court held that "a state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence,' unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated." *Edwards v. Balisok*, 520 U.S. 641, 643 (1997) (quoting *Heck*, 512 U.S. at 487).

(quoting *Flam*, 788 F.3d at 1047), by making it such that state court proceedings effectively resolve some or all of Green's claims.

Accordingly, Defendants' motion to stay proceedings here is a "dispositive" matter and the magistrate judge properly entered a report and recommendation on this matter subject to the de novo review of the district judge. *See* 28 U.S.C. § 636(b)(1)(B).

**B. Merits**

"A district judge 'may accept, reject, or modify'" a magistrate judge's recommended disposition. *In re Oh*, No. 22-mc-1649-DMS-DDL, 2023 WL 4047588, at *1 (S.D. Cal. Apr. 28, 2023) (quoting Fed. R. Civ. P. 72(b)). "The district judge must 'make a de novo determination of those portions of the report . . . to which objection is made.'" *Campuzano v. Comm'r of Soc. Sec.*, No. 20-CV-721-WQH-WVG, 2021 WL 3848164 (S.D. Cal. Aug. 27, 2021) (quoting 28 U.S.C. § 636(b)(1)). "However, the district judge need not review de novo those portions of a report and recommendation" to which no party objects. *Lisa D. v. Kijakazi*, No. 22-CV-00695-DMS-MSB, 2023 WL 5836983 (S.D. Cal. Sept. 8, 2023). As noted above, no party has filed an objection here. The Court has reviewed the Parties' filings and the Report and Recommendation, and finds the Report and Recommendation to be correct, well-reasoned, and thorough. Accordingly, the Court **ADOPTS** the Report and Recommendation in full, with only slight modifications as specified below.

### III.   CONCLUSION AND ORDER

For the reasons stated above, the Court **GRANTS IN PART** Defendants' motion to stay proceedings pending resolution of the state criminal case; and **ORDERS** as follows:

1. The Court **STAYS** all proceedings in this case through the conclusion of the criminal trial in *People v. Green*, No. JCF006108, (Cal. Super. Ct. Imperial Cnty.), or until February 2, 2024.
2. The Parties shall file a status report promptly following the conclusion of the state criminal trial, or no later than February 2, 2024. In their status report, the Parties shall inform the Court of the status or resolution of the criminal trial and their positions on whether the stay should be extended.

1  **IT IS SO ORDERED**.

3  Dated: December 28, 2023

_____
Hon. Dana M. Sabraw, Chief Judge
United States District Court