UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COREY LAVELLE GREEN, CDCR #AS-1014,<br><br>Plaintiff,<br><br>vs.<br><br>M. LIZARRAGA, et al.,<br><br>Defendants. | Case No.: 22-cv-01175-DMS-MMP<br><br>**ORDER GRANTING MOTIONS TO APPOINT PRO BONO COUNSEL PURSUANT TO 28 U.S.C. § 1915(e)(1) AND S.D. Cal. Gen. Order 596**<br><br>[ECF Nos. 91, 93] |

Plaintiff Corey Lavelle Green, a prisoner proceeding without counsel, first initiated this civil action pursuant to the Civil Rights Act, 42 U.S.C. § 1983, in August 2022. (ECF No. 1.) Plaintiff alleges Defendants Lizarraga, Galindo, and Montejano violated his Eighth Amendment rights during a cell extraction at Centinela State Prison in December 2020. (*Id.* at 1–3.)

I.  **PROCEDURAL HISTORY**

Currently pending before the Court are Plaintiff's motions seeking appointment of counsel. (ECF Nos. 91, 93.) On October 21, 2025, the Court adopted United States Magistrate Judge Michelle M. Pettit's Report and Recommendation to grant in part and deny in part Defendants' Motion for Summary Judgment. (ECF No. 103.) During an

1

October 24, 2025 telephonic pretrial conference, the Court informed Plaintiff and counsel for Defendants that while it had referred his case to its Pro Bono Panel for potential representation pursuant to S.D. Cal. General Order 596, it had yet to secure an available volunteer. Plaintiff was therefore advised he should be prepared to proceed pro se, and the Court issued a scheduling Order setting a jury trial to commence on January 12, 2026, at 9:00 AM, in Courtroom 13A. (ECF No. 106.) On November 3, 2026, however, a member of the Court's Pro Bono Panel indicated its willingness to accept a pro bono appointment on Plaintiff's behalf.

## II.    APPOINTMENT OF COUNSEL

There is no right to counsel in a civil action, but a court may under "exceptional circumstances" exercise its discretion and "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). The court must consider both "'the likelihood of success on the merits as well as the ability of the [Plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Id.* (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).

Plaintiff's prior motion requesting the appointment of counsel in this case was denied without prejudice because like most litigants, he failed to meet the exceptional circumstances requirement at the pre-discovery and pre-summary judgment stages of his case. (ECF No. 26 ) *See also Hearn v. RJD Warden*, No. 22-CV-255-TWR-DDL, 2022 WL 17407996, at *2 (S.D. Cal. Dec. 2, 2022) (when a pro se plaintiff's allegations "remain unproven … [a]t th[e] early stage of the proceedings, there is no basis upon which the Court can predict [his] success at trial."); *Campos v. K.U.S.I. News Media*, No. 3:19-cv-01455-BAS-AGS, 2019 WL 4674290, at *2 (S.D. Cal. Sept. 24, 2019) (denying prisoner's motion to appoint counsel where it "[was] simply too soon to tell whether he will be likely to succeed on the merits of any potential constitutional claim").)

Plaintiff has since demonstrated both an ability to articulate his claims and to survive summary judgment while proceeding without the assistance of trained counsel, but the

likelihood of his success on the merits increased as a result of the Court's October 21, 2025 summary judgment ruling. *Cf. Garcia v. Smith*, 2012 WL 2499003, at *3 (S.D. Cal. 2012) (finding it "too early to determine the likelihood of success on the merits" when it was "not certain whether plaintiff's complaint would survive [defendant's pending motion for] summary judgment.").

For these reasons, on October 21, 2025, and in light of the impending trial, the Court elected to exercise its discretion pursuant to 28 U.S.C. § 1915(e)(1) and its Plan for the Representation of Pro se Litigants in Civil Cases as adopted by S.D. Cal. General Order 596. The Pro Bono Plan specifically provides for appointment of pro bono counsel "as a matter of course for purposes of trial in each prisoner civil rights case where summary judgment has been denied." *See* S.D. Cal. Gen. Order 596. Therefore, because the ends of justice would be served by the appointment of pro bono counsel under the circumstances, and an available Pro Bono Panel volunteer attorney has since graciously agreed to represent Plaintiff pro bono during the course of all further proceedings held before this Court in this case, the Court now grants Plaintiff's motions requesting the appointment of counsel pursuant to S.D. Cal. Gen. Order 596. (ECF Nos. 91, 93.)

### III. CONCLUSION

For the reasons discussed, the Court **GRANTS** Plaintiff's Motions (ECF Nos. 91, 93) and **APPOINTS** Francis DeGiacco, SBN 265625, of Harlan Hillier DiGiacco LLP, 701 Island Avenue, Suite 201, San Diego, California, 92101-7143, as Pro Bono Counsel for Plaintiff Corey Lavelle Green.

Pursuant to S.D. Cal. CivLR 83.3.f.2, Pro Bono Counsel must file, within fourteen (14) days of this Order, if possible, a formal written Notice of Substitution of Attorney signed by both Plaintiff and his newly appointed counsel. This Notice of Substitution will be considered approved by the Court upon filing, and Pro Bono Counsel will thereafter be considered attorney of record for Plaintiff for all purposes *during further proceedings*

*before this Court, in this matter only, and at the Court's specific request.* See S.D. Cal. CivLR 83.3.f.1, 2.[1]

Due to the anticipated substitution of counsel, the current trial date and all related hearings or deadlines are hereby **VACATED**.

The Court further **DIRECTS** the Clerk of the Court to forward Mr. DiGiacco a copy of this Order upon entry in CM/ECF to frankie@hhdlaw.com and to also serve him with a copy via U.S. Mail at the address listed above upon filing. *See* S.D. Cal. CivLR 83.3.f.2.

**IT IS SO ORDERED**.

Dated: November 4, 2025

Honorable Dana M. Sabraw
United States District Judge

---

[1] Plaintiff is cautioned that the Court's Pro Bono Panel is a precious and limited resource. The fact that the Court has found this case suitable for appointment at this stage of the proceedings, and has been able to locate an available volunteer attorney does not entitle him to the appointment of counsel in this or any other case. Nor does it permit him an attorney of his choosing, or guarantee any subsequent Pro Bono Panel referral or appointment. *See Hedges v. Resolution Trust Corp (In re Hedges)*, 32 F.3d 1360, 1363 (9th Cir. 1994) ("[T]here is no absolute right to counsel in civil proceedings.") (citation omitted); *United States ex rel Gardner v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965) (noting that the appointment of counsel in a civil case "is a privilege and not a right.").